UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW J. PHILLIPS-ADDIS,

    Plaintiff,

v.

NOAH BOTTRELL, *et al.*,

    Defendants.

                               /

Case No. 1:20-cv-620

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983. The defendants in this case are three MDOC employees, Noah Bottrell, Christopher Ward, and Gordon Best. Plaintiff's complaint contains the following claims: that on various dates in June and July 2020, defendants Bottrell, Ward, and Best retaliated against plaintiff for filing grievances in violation of the First Amendment; and, that on July 5, 2020, defendant Best used excessive force against plaintiff in violation of the Eighth Amendment. *See* Opinion (ECF No. 60, PageID.508-509, 511, 513-514); Complaint (ECF No. 1); Amendment (ECF No. 6). This matter is now before the Court on six motions and other papers which plaintiff filed asking for various forms of injunctive relief (ECF Nos. 69, 71, 75, 77, 108 and 115).

    **I.**    **Discussion**

In screening the complaint, the Court addressed plaintiff's 14 letters, motions, and papers requesting injunctive relief. The Court thoroughly addressed plaintiff's claims. Because

1

plaintiff continues to file motions seeking injunctive relief, the Court will set forth the reasons why his previous 14 attempts to obtain injunctions were denied:

    Plaintiff has asked the Court for immediate relief. (ECF Nos. 1, 4, 6, 10, 11, 12, 16, 21, 34, 40, 43, 45, 50, and 57.) He has proposed different forms of that relief: transferring him from ECF; transferring him out from under the harassment of Bottrell, Ward, and Best; removing Bottrell, Ward, and Best from the MDOC; investigating them; and ordering them to stop harassing Plaintiff.

    Preliminary injunctive relief is "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. Id. These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also S. Galzer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) ("[T]hese are factors to be balanced, not prerequisites to be met."); *National Viatical, Inc. v. Universal Settlements Int'l, Inc.*, 716 F.3d 952, 956 (6th Cir. 2013) (same); *Ne. Ohio Coal.*, 467 F.3d at 1009 (same). "But even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.'" *D.T. Sumner Cty. Sch.*, 942 F.3d 324, 326-27 (6th Cir. 2019) (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). Preliminary injunctions are not favored, even if a plaintiff has shown likelihood of success on the merits. *Benisek v. Lamone*, ___ U.S. ___, 138 S. Ct. 1942, 1943-44 (2018).

    Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not made such a

2

> showing. It is not at all clear from Plaintiff's *pro se* complaint or subsequent filings that Plaintiff has a substantial likelihood of success on his First Amendment retaliation or Eighth Amendment claims. Although the Court makes no final determination on this issue, it appears at this preliminary stage that Plaintiff has not made a substantial showing of a violation of any of his constitutional rights.
>
> Second, the presence of irreparable harm is not evident. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *See Overstreet*, 305 F.3d at 578. While Plaintiff states that there is a danger of injury because of alleged on-going harassment, his allegations are largely conclusory. Moreover, Plaintiff makes clear that the wrongs he has suffered are compensable by monetary damages.
>
> Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning prison security are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover*, 855 F.2d at 286-87. That showing has not been made here.
>
> Accordingly, Plaintiff's requests for immediate injunctive relief will be denied.

Opinion (ECF No. 60, PageID.502-504).

As discussed, plaintiff has filed six more motions or papers seeking injunctive relief. Plaintiff's motions are in the form of letters addressed to the Court Clerk. Plaintiff has not served his motions on defendants or the non-parties listed. Plaintiff does not support his motions with affidavits or unsworn declarations under penalty of perjury. His motions are summarized as follows.

Plaintiff filed Motion (ECF No. 69) on January 7, 2021, with a supplement (ECF No. 71) which presents new claims filed on January 14, 2021. In the motion, plaintiff asks for a show cause order and injunctive relief related to incidents which he claims occurred after he filed this lawsuit. Plaintiff wants to enjoin all of the defendants and their successors at Oaks Correctional Facility (ECF) and "all other persons acting in concert and participation with them"

3

for violating plaintiff's "own rights as a man." Motion (ECF No. 69, PageID.589). In this regard, on December 14, 2020, defendant Ward (now a lieutenant) called plaintiff out to the main office and asked plaintiff to drop his lawsuit. *Id*. at PageID.583. Plaintiff also stated that defendant Bottrell was set to resign in November 2020. *Id*. at PageID.586. In his supplement, plaintiff claimed that he did not have water from January 7 through January 12, 2021. Supp. (ECF No. 71).

Plaintiff filed Motion (ECF No. 75) on January 15, 2021. In the motion plaintiff wants a show cause hearing against defendants Bottrell, Best and Ward to stop "finding as [sic] way to attack me". Motion (ECF No. 75 at PageID.722). This motion is inconsistent with the motion filed the previous week, which stated that defendant Bottrell had left the MDOC in November 2020. Plaintiff also wants a show cause hearing and an injunction against non-parties C.O. Bostwick, Matthew Patrick, C.O. Austin, C.O. Anderson, C.O. Mcglone and Sgt. Baker, whom he claims have threatened him over filing this lawsuit. Plaintiff also wants a grievance box placed in each unit, no contact with any of the MDOC employees he listed in his motion, MDOC personnel at ECF to "address the problem," help writing his complaint, a court appointed lawyer, repayment of the money he spent to file this lawsuit, $50,000 from each defendant, criminal charges brought against each defendant, copies of the Michigan Attorney General's materials used in mediation, and copies of all witness statements and grievances being held by the MDOC. *Id*. at PageID.724-726.

Plaintiff filed Motion (ECF No. 77) on January 25, 2021. In this motion, plaintiff claims that since he filed this lawsuit, he is being harassed, attacked and mistreated. Plaintiff's claims consist of vague allegations against defendants Best and Ward. On January 15, 2021, Sgt. Baker told plaintiff that he needs to drop his case against Ward and Best, that he is "playing with fire", and that he will be f****d over. Motion (ECF No. 77, PageID.734). Corrections Officers

4

Mcglone and Anderson are threatening him. *Id*. at PageID.735. One of the few specifics mentioned is that various individuals will not replace his "moldy mattress" in violation of the Eighth Amendment and that he has been placed in segregation four times since filing his complaint. *Id*. at PageID.735-737. Plaintiff claims his cell has no working lights and wants the Court to send an investigator. *Id*. at PageID.737.

On April 19, 2021, plaintiff filed Motion (ECF No. 108). Plaintiff wants an injunction against defendant Bottrell and non-parties Sgt. Baker, Sgt. Mackey, CO Pike, CO Mcglone, and Matthew Patrick. Motion (ECF No. 108, PageID.991-992). Plaintiff asks for a preliminary injunction for protection under the federal witness tampering statute, 18 U.S.C. § 1512(a)(2)(A), which provides criminal penalties for anyone who "uses physical force or the threat of physical force against any person, or attempts to do so, with intent to-- (A) influence, delay, or prevent the testimony of any person in an official proceeding[.]" *Id*. at PageID.991-992. Plaintiff's reliance on this federal statute is misplaced. Plaintiff has no private cause of action for an alleged violation of § 1512. *See Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.), *affirmed* 350 Fed. Appx. 605 (3d Cir. 2009). *See also, Parton v. Smoky Mountain Knife Works, Inc.*, No. 3:10-CV-436, 2011 WL 4036959 at *12 (E.D. Tenn. Sept. 12, 2011) ("Even if the conduct relating to the proposed witness tampering claim is true, there is no private cause of action for tampering with a witness, victim, or an informant pursuant to 18 U.S.C. § 1512.") (internal quotation marks omitted).

Plaintiff filed Motion (ECF No. 115) on April 22, 2021. In this motion, plaintiff asks for the Court to stop defendant Ward's "campaign harassment [sic] against me." Motion (ECF No. 115, PageID.1023). Plaintiff repeats some of his previous claims, including federal

5

witness tampering, and harassment, threats, and "attacks on my person". *Id*. Plaintiff also claims that he has no access to the law library or law books. *Id*. at PageID.1025.

In short, plaintiff claims that numerous MDOC employees have retaliated against him for filing this lawsuit and wants temporary restraining orders (TROs), preliminary injunctions, and monetary relief.

Fed. R. Civ. P. 65(b)(1) sets out the requirements for a TRO:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not met his burden for issuance of a TRO. Notably, plaintiff has not provided specific facts in an affidavit or verified complaint to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

To the extent plaintiff seeks one or more preliminary injunctions under Fed. R. Civ. P. 65(a), his claims fail for the same reasons as his previous 14 claims for injunctive relief. *See* Opinion, *supra*.

Furthermore, plaintiff seeks injunctive relief for claims which are not before this Court. "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945). In this regard, a

prisoner's new assertions of retaliation and mistreatment "cannot provide the basis for a preliminary injunction." *Devose*, 42 F.3d at 471.

Nevertheless, in extreme cases, the Court can provide relief to a prisoner who is in imminent or grave danger. As the court observed in *Cooper v. Bower*, No. 5:15-CV-P249-TBR, 2017 WL 3389521 (W.D. Ky. Aug. 4, 2017),

> although a federal court has the authority to order a state to transfer a prisoner in the rare and extreme situation where an inmate's life is in imminent or grave danger, *see, e.g., Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983); *Streeter v. Hopper*, 618 F.2d 1178, 1182 (5th Cir. 1980), Plaintiff's allegation that "staff keep assaulting" him and his conclusory statement that "it is obvious that my life is danger" do not constitute evidence upon which this Court can find that a transfer is warranted on this ground.

*Cooper*, 2017 WL 3389521 at *4. Here, while plaintiff has made numerous claims of alleged retaliation, he has presented no facts to demonstrate that his life is in imminent or grave danger.

## II.     Recommendation

Accordingly, I respectfully recommend that plaintiff's motions for injunctive relief (ECF Nos. 69, 71, 75, 77, 108 and 115) be **DENIED**.


Dated: April 28, 2021                          /s/ Ray Kent
                                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).