UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW J. PHILLIPS-ADDIS,

    Plaintiff,

v.

NOAH BOTTRELL, *et al.*,

    Defendants.
_____/

Case No. 1:20-cv-620

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by plaintiff Andrew J. Phillips-Addis, a state prisoner in the custody of the Michigan Department of Corrections (MDOC). Plaintiff alleged a violation of 42 U.S.C. § 1983. This matter is now before the Court on defendants Gordon Best and Christopher Ward's motion for summary judgment for failing to exhaust administrative remedies (ECF No. 94) and defendant Noah Bottrell's motion for summary judgment for failing to exhaust administrative remedies (ECF No. 125).

    **I.**    **Background**

This case involves plaintiff's claims which arose at the Oaks Correctional Facility (ECF). The Court addressed plaintiff's claims in a comprehensive initial screening opinion. *See* Opinion (ECF No. 60, PageID.486-514). Three defendants remain: Correctional Office (CO) Noah Bottrell, Sgt. Christopher Ward, and CO Gordon Best. Plaintiff alleged that defendants Bottrell, Ward and Best retaliated against him in violation of the First Amendment, and that

1

defendant Best engaged in the use of excessive force in violation the Eighth Amendment.  *Id.* at PageID.513-514.

## II. Defendants' motions for summary judgment

### A. Legal standard for summary judgment

Defendants seek summary judgment because plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.   Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

      **B.**      **Failure to Exhaust**

      **1.**      **Exhaustion requirement**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must first exhaust available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218. Finally, even if a prisoner complies with the grievance procedures, the grievance must give fair notice of the misconduct or mistreatment as measured against the claim alleged in the prisoner's complaint. *See Bell v. Konteh*, 450 F.3d 651,

3

654 (6th Cir. 2006).

### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective March 18, 2019). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ Q. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ Q and S. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ S (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ W. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ DD. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ HH.

### 3. Discussion

There is no evidence in the MDOC records that plaintiff exhausted any grievances through Step III from January 1, 2013, through December 20, 2020. *See* Plaintiff's MDOC Prisoner Step III Grievance Report, prepared by Richard D. Russell (Manager, Grievance Section).

Contrary to the briefing schedule set forth in W.D. Mich. LCivR 7.2(c), which limits a party to one responsive brief, plaintiff filed to responses to defendants Best and Ward's motion for summary judgment. Plaintiff's first response (ECF No. 97) appears to be a hybrid motion/memorandum/response sent to the Court entitled, "Motion to show cause not to grant dismissal. Not give summary Judgment." This response refers to internal affairs and claims that the MDOC Prisoner Step III Grievance Report is "wrong." Plaintiff presents no evidence that he actually exhausted any grievances.

Plaintiff filed another document in the form of a letter to the Court Clerk referencing "Motion to dismiss summary judgment order request filed by A-g" (ECF No. 98). While plaintiff states that the MDOC Prisoner Step III Grievance Report is wrong, *i.e.*, "This is Error Record's [sic] I been 4 times to Step-3 Grievances" (ECF No. 98-2, PageID.947), he presents nothing to support this statement. Plaintiff did attach a kite response from the ECF Records Office Supervisor, dated February 25, 2021, stating,

> I have received your kite requesting copies of "internal affairs letters, documents from meeting", etc. Prisoners are not entitled to copies of these documents.

Kite Response (ECF No. 98-1, PageID.941). However, this response does not address the issue of whether plaintiff properly exhausted any grievance as required by Policy Directive 03.02.130.

In response to defendant Bottrell's motion for summary judgment, plaintiff filed an email entitled (in his words), "Motion of response to defendants counsel motion of summary judgment request, plaintiff motion request for denial of summary judgement request" (ECF No. 129). In this paper, plaintiff sets out a convoluted statement mentioning internal affairs, grievances, and that he performed all three steps under the grievance system. However, plaintiff

5

does not present any facts to demonstrate that he properly exhausted any grievance, let alone a grievance related to the claims at issue in this lawsuit.

In his reply brief, defendant Bottrell points out that plaintiff's response included a suspicious copy of a Step II grievance appeal form. Defendant further points out, "it appears that Phillips-Addis wrote over, in black pen, the text transposed on the goldenrod carbon copy." Defendant Bottrell's Reply (ECF No. 132, PageID.1159). Plaintiff's altered Step II appeal reads as follows (in his words):

> I have raised as being threaten and assaulted by CO Best. Ms. Benson had to tell CO Best stop chocking me as it was over filing of administration complaint Grievances and many complaints of Noah Bottrell harassing me. As this grievance shall not be dismissed. As video shall be brought into investigation area. As Sgt. Ward still retaliated against me this not same incident it continued incidents.

Step II Appeal (number unintelligible) (ECF No. 129-1, PageID.1147).

While it is apparent that plaintiff's inked over grievance does not correspond with the text on the goldenrod copy, defendant Bottrell does not explicitly assert that plaintiff forged this exhibit or that this altered document is an attempt to commit a fraud on the Court. Conspicuously absent from any plaintiff's filings are copies of his original Step I grievance and the MDOC's responses. The inked over copy of the Step II grievance does not create a genuine issue of material fact related to exhaustion: the document is clearly altered; the document has an unintelligible grievance number; plaintiff provided no copy of the Step I grievance; and the plaintiff provided no copies of the MDOC's responses.

Even if the Court accepted this altered document at face value, plaintiff's "inked over" grievance appeal claims an incident date of July 5, 2020, and that he filed a Step II appeal on July 14, 2020. *See* Copy (ECF No. 129-1, PageID.1147), magnified in Bottrells' Brief (ECF

6

No 132, PageID.1159). The date of the "inked over" incident, July 5, 2020, is only one day before plaintiff dated and mailed his complaint, and the Step II appeal was filed while the case was pending in this Court. *See* Compl. (ECF No. 1, PageID.10, 12). In this regard, the "inked over" Step II appeal was purportedly filed on July 14, 2020. In short, there is no evidence that plaintiff properly exhausted any grievance against any of the defendants before filing this lawsuit.

Based on this record, plaintiff has failed to properly exhaust any grievance against defendants Best, Ward or Bottrell. *See Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93. Accordingly, defendants' motion for summary judgment should be granted.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that the motions for summary judgment filed by defendants Gordon Best and Christopher Ward (ECF No. 94) and defendant Noah Bottrell (ECF No. 125) be **GRANTED** and that this action be **TERMINATED**.

Dated: August 9, 2021            /s/ Ray Kent
                                 United States Magistrate Judge

**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).